Dr. Sahar Jalili Pawelski, Esq.
WA Bar #54922
Yara Migration Dreams
15303 Ventura Blvd, Suite 900
Sherman Oaks, CA 91403
Phone (818) 629-1611


Attorney for Petitioner


**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | |
|---|---|
| **MAHDI TAJIK** <br><br> **Petitioner,** <br><br> **v.** <br> **Warden** of El Valle Detention Center, in their official capacity; **BRET BRADFORD**, Supervisory ICE Official, in his official capacity, **TODD M. LYONS,** Acting Director, U.S. Immigration and Customs Enforcement, in his official capacity; and, **KRISTI NOEM**, Secretary of the Department of Homeland Security, in her official capacity. <br><br> **Respondents.** | Case No. 1:26-cv-00100 <br><br> Agency No. A241-380-775 <br><br><br> **PETITIONER'S RESPONSE TO ORDER TO SHOW CAUSE PURSUANT TO BUENROSTRO-MENDEZ** |

**INTRODUCTION**

Petitioner respectfully submits this response to the Court's Order to Show Cause regarding the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*. Petitioner does not dispute that he was initially detained under 8 U.S.C. § 1225(b) as an arriving applicant for admission following his entry through the CBP One process.

This case, however, has never challenged the government's statutory authority to detain at the outset. The question presented is whether the Constitution permits continued civil confinement exceeding 442 days without a single individualized custody determination.

*Buenrostro-Mendez* addresses statutory classification under § 1225(b). It does not resolve the constitutional question presented here: whether prolonged civil detention without individualized review remains permissible under the Due Process Clause of the Fifth Amendment.

Because Petitioner's claim concerns the duration and justification of continued detention, not the statutory basis for initial detention, dismissal under *Buenrostro-Mendez* would be improper.

## I. BUENROSTRO ADDRESSES STATUTORY AUTHORITY, NOT CONSTITUTIONAL LIMITS

In *Buenrostro-Mendez*, the Fifth Circuit interpreted the mandatory detention language of § 1225(b) and held that applicants for admission are subject to detention pending removal proceedings. The court addressed which statutory provision governs detention. It did not consider whether prolonged detention without individualized review violates the Fifth Amendment, nor did the court address whether the Constitution imposes temporal limits on civil detention once proceedings extend beyond a brief and finite period.

Petitioner does not dispute that § 1225(b) authorizes detention in the first instance. The claim presented here is an as-applied constitutional challenge to continued confinement exceeding 442 days without any custody determination assessing necessity. Statutory authority to detain does not eliminate constitutional limits on duration. Even where Congress mandates detention at its inception, the Due Process Clause governs its continuation.

## II.     PROLONGED DETENTION WITHOUT INDIVIDUAL REVIEW RAISES DISTINCT CONSTITUTIONAL CONCERNS

Petitioner has been detained continuously since November 9, 2024. He has now been confined for more than 442 days. The absence of any individualized determination distinguishing Petitioner from other detainees underscores the as-applied nature of this constitutional claim.

Following the Immigration Judge's removal order, his appeal and motion to remand remain pending before the Board of Immigration Appeals. There is no definite termination point to his confinement.

During this period, no adjudicator has ever conducted an individualized custody hearing. No finding has been made that Petitioner poses a danger to the community. No determination has been entered that he presents a flight risk. The record contains no individualized justification for continued confinement.

Meanwhile, the record reflects documented medical conditions, including insulin-dependent diabetes and ongoing chronic care needs. Prolonged detention without individualized review under these circumstances raises the constitutional concerns identified in *Wong Wing v. United States*, *Demore v. Kim*, and *Carlson v. Landon*: civil detention must remain regulatory, finite, and justified by necessity.

Petitioner does not seek to invalidate § 1225(b) or challenge his statutory classification. He seeks judicial review of whether continued confinement exceeding 442 days, without any individualized custody determination, remains constitutionally permissible. That question was not before the Fifth Circuit in *Buenrostro-Mendez*.

### RELIEF REQUESTED

Because Petitioner's claim concerns the duration and justification of continued detention, not the statutory authority for detention at its inception, *Buenrostro-Mendez* does not resolve the constitutional issue presented here. Accordingly, the Petition should proceed to full briefing on the constitutional question presented.

02/23/2026

Dr. Sahar Jalili Pawelsk. Esq

4